**RADISSON HOTELS INTERNATIONAL, INC., Plaintiff,**

v.

**AMELIA INVESTMENTS, INC. and Clearwater Hotel Associates Limited Partnership, Defendants.**

No. 91–970–Civ–T–17A.

United States District Court, M.D. Florida, Tampa Division.

Oct. 31, 1991.

W. Gray Dunlap, Jr., Foley & Lardner & Hill, Tampa, Fla., for Radisson Hotels Intern., Inc.

D.A. Skip Dvornik, Richards, Gilkey, Fite, Slaughter, Pratesi & Ward, P.A., Clearwater, Fla., for Amelia Investments, Inc.

Albert M. Salem, Jr., Albert Salem & Associates, P.A., Tampa, Fla., for Clearwater Hotel Associates Ltd. Partnership.

### ORDER ON MOTION TO DISMISS

KOVACHEVICH, District Judge.

This cause of action is before the Court on Defendants, Amelia Investments, Inc. (hereafter "Amelia") and Clearwater Hotel Associates Limited Partnership's (hereafter "CHA"), motion to dismiss Count II of the Complaint, filed on August 26, 1991, and

opposition thereto, filed on September 30, 1991.

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view that complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

The complaint in this action was filed August 2, 1991, by Plaintiff Radisson Hotels International, Inc. (hereafter "Radisson") against Amelia and CHA. The complaint contained the following causes of action against both defendants: 1) breach of contract; 2) violation of § 43 of the Lanham Act; and 3) common law unfair competition. Defendants Amelia and CHA seek dismissal of the alleged violation of § 43 of the Lanham Act found in Count II for failure to state a claim upon which relief can be granted.

In Count II of the complaint, Radisson alleges a cause of action for unfair competition pursuant to § 43 of the Lanham Act, 15 U.S.C. § 1125(a). Radisson asserts that on February 3, 1989, it entered into a License Agreement with Ulmerton Hotel Partnership of Florida (hereafter "Ulmerton"). that allowed Ulmerton to operate a hotel designated as the "Radisson Inn Clearwater/St. Petersburg Airport" (the "Hotel"). On August 24, 1989, Radisson, Ulmerton, and Amelia entered into an Assignment and Amendment to License Agreement that transferred Ulmerton's duties and rights under the February 3rd contract to Amelia. Radisson further asserts that on January 31, 1991, Amelia sold the Hotel to CHA without prior approval of Radisson.

■ Radisson alleges that it adopted and used trade names, trademarks and service marks in interstate commerce nationwide and also in Florida as a means of establishing goodwill and reputation, and to identify particular services and particular means of providing services. Radisson alleges that CHA continued to use these trade names, trademarks and service marks subsequent to January 31, 1991, without seeking Radisson approval. Radisson claims that this conduct by Amelia and CHA was willful, intentional, and malicious. Both Amelia and CHA assert that this claim fails because Radisson does not raise allegations of how the Defendants' actions affect or impact on interstate commerce.

■ Section 43 of the Lanham Act, 15 U.S.C. § 1125(a) provides as follows:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which
>
> (1) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship or approval of his or her goods, services, or commercial activities by another person, or
>
> (2) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographical origin of his or her or another person's goods, services, or commercial activities.

In order to make out a violation of 15 U.S.C. § 1125(a), Radisson must show 1) that Amelia and CHA falsely used the names and symbols of Radisson and 2) that the names and symbols were used in "commerce." See *Shatel Corp. v. Mao Ta Lumber & Yacht Corp.,* 697 F.2d 1352, 1356 (11th Cir.1983).

Radisson clearly satisfies this burden. In its complaint, Radisson alleges that it adopted the trade names, trademarks and service marks associated with its hotel operation in order to establish goodwill and reputation in interstate commerce nationwide. In addition, Radisson alleges that CHA continued to use these trade names, trademarks and service marks after acquiring the Hotel from Amelia on January

31, 1991. The complaint further alleges that CHA and Amelia never sought approval from Radisson for the continued use of the Radisson name, and therefore, the continued use was willful, intentional, and malicious. Since Radisson alleges that it established the trade names, trademarks and service marks for use in interstate commerce, it is sufficient to allege continued, unauthorized use of these same names to state a claim under the Lanham Act.

Additionally, the Eleventh Circuit has held that advertising that solicits sales across state lines is "commerce" within the meaning of the Lanham Act. *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352, 1356 (11th Cir.1983). By alleging that CHA and Amelia continued to use the Radisson name without authorization, Radisson claims that CHA and Amelia benefited from the goodwill and reputation that the Radisson name carries in commerce. As a national hotel chain, Radisson runs a national advertising campaign. Marketing provisions are found in the original License Agreement between Radisson and Ulmerton. Responsibility for payment of the marketing fees were assigned by Ulmerton to Amelia. The benefit of a national advertising campaign is clearly a significant part of the original License Agreement. Radisson alleges continued, unauthorized use of the Radisson name. This continued use includes the potential customers attracted by the national advertising campaign. Therefore, Radisson's complaint sufficiently alleges that the names and symbols were used in "commerce." This satisfies the requirements of the Lanham Act.

ORDERED that the motion to dismiss Count II of the complaint is denied. The Defendants shall have ten (10) days from this date in which to answer the complaint.

DONE and ORDERED.